CARTER, Judge.
Carl Scott was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967C. He filed a motion to suppress physical evidence, which the trial court denied. Thereafter, defendant sought writs to this Court, seeking reversal of the trial court ruling, which was denied on December 28, 1987, under docket number KW 87 1689. Defendant sought further review to the Louisiana Supreme Court, which also denied his application for *632 supervisory relief. State v. Scott, 520 So.2d 429 (La.1988). Thereafter, defendant waived his right to a jury trial and elected to be tried before the bench. The trial court found defendant guilty as charged. Thereafter, the court imposed a sentence of two years at hard labor. The court suspended the execution of the sentence and placed defendant on two years supervised probation, with the conditions that (1) he submit to a substance abuse evaluation and periodic urinalysis and (2) he pay $10.00 per month to the Department of Public Safety and Corrections to defray the cost of supervision. Defendant appealed, urging two assignments of error:
1. The trial court erred by failing to grant the motion to suppress.
2. The evidence is not sufficient.
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.
At the trial, defense counsel and the state submitted the matter to the bench based on the records of the pretrial hearings and scientific reports. According to evidence adduced during the hearing on the motion to suppress, defendant was apprehended by Sgt. Michael Dickinson of the Baton Rouge City Police near the intersection of Odell and 39th Streets, an area notorious for drug trafficking. While on patrol with two other units of the Baton Rouge Metro Squad, Sgt. Dickinson noticed defendant standing in the middle of Odell Street, conversing with a black male. As the units approached, defendant’s companion ran into a nearby grocery store; and defendant began to walk down 39th Street. Sgt. Dickinson instructed the second unit to stop the man who ran into the grocery store, as he pursued defendant. Sgt. Dickinson frisked defendant, found two handguns, and arrested him on a weapons charge. In a search incident to the arrest, a clear plastic bag containing several packets of cocaine was found in the brim of defendant's hat and a dollar bill wrapped around another bag of cocaine was found in his left shirt pocket.
MOTION TO SUPPRESS
Defendant contends the trial court erred by denying his motion to suppress the physical evidence. He sets forth three separate arguments in support of his claim that the evidence was illegally seized. First, he contends the search and seizure of the cocaine was beyond the scope authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Defendant further argues that the initial stop was not based on reasonable cause. Finally, defendant claims the court erred in finding that the flight of his compatriot provided reasonable suspicion to stop defendant.
When this Court considers a question of admissibility of evidence in advance of trial, the determination of admissibility does not absolutely preclude a different decision on appeal, at which time the issues may have been more clearly framed by the evidence adduced at trial. Nevertheless, judicial efficiency demands that this Court accord great deference to its pretrial decisions on admissibility, unless it is apparent, in light of the subsequent trial record, that the determination was patently erroneous and produced an unjust result. See State v. Humphrey, on rehearing, 412 So.2d 507 (La.1982).
No further evidence was adduced at trial. Accordingly, we adhere to our previous ruling. This assignment of error has no merit.
CONCLUSION
For the above reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.